```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

```
_____
                           :
CORRI DITTIMUS-BEY, et al. :
                           :   Civil Action
              Plaintiffs,  :   No. 05-0063 (JBS)
                           :
        v.                 :
                           :   OPINION
ERIC TAYLOR, et al.,       :
                           :
              Defendants.  :
_____:
```

**APPEARANCES:**

Lisa J. Rodriguez, Esq.
Nicole M. Acchione, Esq.
TRUJILLO, RODRIGUEZ & RICHARDS, LLP
8 Kings Highway West
Haddonfield, NJ 08033
      Attorneys for Plaintiffs

Howard Lane Goldberg, Esq.
OFFICE OF CAMDEN COUNTY COUNSEL
520 Market Street
Courthouse - 14th Floor
Camden, NJ 08102-1375
      Attorney for Defendants Warden Eric Taylor, Deputy Warden
      Loberto, Camden County Correctional Facility, Camden County
      Department of Corrections, Camden County and Freeholder
      Joseph Ripa

**Simandle, District Judge:**

      This matter comes before Court on a motion for class

certification, pursuant to Federal Rules of Civil Procedure 23(a)

and 23(b)(2).  For the reasons stated in this Opinion, the Court

shall grant the motion and certify a class of all individuals

incarcerated at the Camden County Correctional Facility, either

as pretrial detainees or as convicted prisoners, from the

inception of this lawsuit on January 6, 2005 until its termination.[1]

## I.    BACKGROUND

Plaintiffs, who initially filed this action pro se, allege that severe overcrowding at the Camden County Correctional Facility ("CCCF" or "the Correctional Facility") has caused serious deprivations of their health and safety in violation of the Eighth and Fourteenth Amendments of the U.S. Constitution. The Correctional Facility houses inmates awaiting trial or those sentenced to less than one year in prison.  Plaintiffs seek to represent the fluid class of individuals incarcerated at CCCF during the pendency of this litigation.  They filed this motion for certification pursuant to Rule 23(b)(2) and seek only declaratory and injunctive relief.[2] The Court held oral argument on this motion on April 26, 2007 and reserved decision.

---

[1]  The Court recognizes that different legal standards apply when determining the constitutionality of defendants' treatment of pretrial detainees and convicted inmates.  See Bell v. Wolfish, 441 U.S. 520, 535-37 (1979).  Therefore, the Court may, at a later date, certify these two groups as subclasses, pursuant to Fed. R. Civ. P. 23(c)(4).

[2]  Although the Amended Complaint indicates that Plaintiffs are seeking money damages (Am. Compl. at p. 21) and the brief in support of the motion for class certification confuses the issue, (see Pl.'s Br. at 9 n.2), counsel informed the Court at oral argument that Plaintiffs are seeking only injunctive relief for the claims asserted in this action.  Thus, the Rule 23(b)(2) inquiry is fairly straightforward and any individual inmate claims for money damages will not be part of this class action.

## II.   STATUS OF THE NAMED PLAINTIFFS

At the time Plaintiffs filed this action they were all incarcerated in the Correctional Facility.  Plaintiffs filed the action on behalf of themselves and all others similarly situated. (Compl. ¶ 6).  After Magistrate Judge Rosen appointed pro bono counsel for Plaintiffs, they filed an Amended Complaint, which is also a class complaint.  (Am. Compl. ¶¶ 1, 36-45).  At that time, three of the four named plaintiffs were still incarcerated at CCCF.  Soon after, Plaintiffs filed this motion for class certification -- but by then none of the named plaintiffs were still inmates at the Correctional Facility.  Thus, although the issue was not raised by the parties, the Court shall address whether it has authority to decide this motion for class certification.

Article III of the U.S. Constitution generally limits this Court's jurisdiction to "cases" and "controversies" in which the parties have a personal stake.  United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980).  However, exceptions exist for class actions, for cases that are capable of repetition yet evading review, and for claims that are "inherently transitory," as the claims in this case are.  For the reasons explained, although the named plaintiffs have lost their stake in the outcome because they are no longer incarcerated at CCCF, the Court retains the power to hear this action pursuant to Article

3

III.  See Gerstein v. Pugh, 420 U.S. 103, 110 n. 11 (1975); Sosna
v. Iowa, 419 U.S. 393, 402 n.11 (1975) (acknowledging that some
actions may be viable despite named plaintiff losing personal
stake before class certification).

Although generally plaintiffs must maintain a personal stake
in the outcome of a case throughout the litigation, special rules
apply when the claims are, by their nature, inherently
transitory.  See Bowers v. City of Philadelphia, No. 06-3229,
2006 U.S. Dist. LEXIS 71914, at *19-24 (E.D. Pa. Sept. 28, 2006)
for a succinct explanation of this doctrine.  In such situations,
the dissipation of the named plaintiff's personal stake in the
outcome will not deprive the Court of the power to hear the case.
See, e.g., Hubbard v. Taylor, 399 F.3d 150, 168 n.27 (3d Cir.
2005)(because pretrial confinement is temporary, pretrial
detainees' pursuit of injunctive relief not moot once named
plaintiffs are no longer pretrial detainees).  As the Third
Circuit explained in Rosetti v. Shalala, for cases that are
inherently transitory, the issue is whether the named plaintiffs
had the requisite interest in the case at the time they filed
their complaint; when such a named plaintiff's claim becomes moot
prior to certification, "the traditional requirements of the
mootness doctrine are suspended in order to preserve the merits
of the case for judicial resolution."  Rosetti v. Shalala, 12
F.3d 1216, 1228 n.25 (3d Cir. 1993).

The Supreme Court further explained this exception in <u>County of Riverside</u>:

> We recognized in <u>Gerstein</u> that "some claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." In such cases, the "relation back" doctrine is properly invoked to preserve the merits of the case for judicial resolution.

<u>County of Riverside v. McLaughlin</u>, 500 U.S. 44, 51-52 (1991) (quoting <u>Geraghty</u>, 445 U.S. at 399)(citations omitted).  The Supreme Court looked back to the filing of the Amended Complaint and found that because the plaintiff had an unaddressed injury at that point in time, because the government had not ceased its allegedly unconstitutional conduct as to other members of the proposed class, and because the claims were inherently transitory, the plaintiffs had standing to pursue the action in federal court.  500 U.S. at 51-52.

Courts in this Circuit have invoked this exception for plaintiffs who were pretrial detainees, <u>see</u> <u>Hubbard v. Taylor</u>, 399 F.3d 150 and <u>Bowers</u>, 2006 U.S. Dist. LEXIS 71914, as well as for inmates at a juvenile detention facility, <u>Santiago v. Philadelphia</u>, 72 F.R.D. 619, 624 (E.D. Pa. 1976).  In <u>Hubbard</u> the Third Circuit found that the brevity of pretrial detainment made suitable for adjudication claims for injunctive relief asserted by plaintiffs who were not members of a certified class even

5

after the plaintiff-inmates ceased being held in pretrial

detainment.  Hubbard, 399 F.3d at 168 n.27.  Likewise, in

Santiago the Eastern District of Pennsylvania held that there was

a case or controversy and that it could certify a class of all

present and future inmates at a youth detention facility even

though all the named plaintiffs had been released because (1) the

average stay at the facility was less than two weeks,(2) the

class of inmates was "continuously being augmented by new

residents who are allegedly suffering the same constitutional and

statutory deprivations" and (3) "at least one named plaintiff for

the class and each subclass was confined at [the facility] at the

time the complaint was filed." Santiago, 72 F.R.D. at 624.

     Similar factors merit relating the case or controversy back

to the date of the Amended Complaint here.  Three of the four

named plaintiffs were still incarcerated at CCCF at the time they

filed the Amended Complaint.  The CCCF houses pretrial detainees

as well as convicted prisoners sentenced for less than one year

of confinement.  See N.J. Stat. Ann. § 2C:43-10(c).  As

Defendants' counsel acknowledged at oral argument, an inmate's

period of detention at CCCF may be as short as a number of hours

or days and the average individual's period of incarceration

there is significantly less than one year.  Further, although the

parties inform the Court that CCCF's population decreased

slightly since Plaintiffs instituted this action, Defendants

acknowledge that they have not altered their policies in response to this action and that the conditions there have not substantially changed, so that unnamed members of the class, including future inmates, are generally subject to the same conditions of confinement as the named plaintiffs were.  Thus, although the individuals have lost their stakes in this injunctive action, their claims are inherently transitory and the same issues remain in controversy between the uncertified class and Defendants.

Therefore, this case fits into that narrow class of claims that are inherently transitory and which may be adjudicated even as time renders the named plaintiffs' individual stakes moot. Cf. Bell, 441 U.S. at 527 n.5.  This case presented a live controversy when the Complaint and Amended Complaint were filed; the inmates at CCCF are there for a short period of time; there was no undue delay in seeking certification[3]; the controversy between the members of the class and Defendants has not altered, as new inmates continue to allege the same deprivations; and the

---

[3]  The first act Plaintiffs took very shortly after service of their original complaint was to move for appointment of pro bono counsel.  Of course, if Plaintiffs had sought certification prior to receiving appointment of pro bono counsel, that motion would have been denied, pursuant to Rule 23(a)(4).  See Cahn v. United States, 269 F. Supp. 2d 537, 547 (D.N.J. 2003) ("Pro se plaintiffs are not favored as representative parties in a class action, as they generally cannot represent and protect the interests of the class fairly and adequately.").

case was filed as a class action; therefore, there is case or controversy suitable for adjudication.  See Weiss v. Regal Collections, 385 F.3d 337, 348 (3d Cir. 2004) (adopting similar exception for cases mooted by tender of settlement).  As noted above, other courts have found this exception applicable in similar prison conditions cases.  See, e.g., Bowers, 2006 U.S. Dist. LEXIS 71914, at *7 ("Given that Plaintiffs allege severe prison overcrowding and dangerous, unhealthy, and degrading conditions and given that it is certain that other pretrial detainees are currently and will in the future be detained under the allegedly unconstitutional conditions, this case certainly belongs in the class of cases for which an exception to mootness must be made.")  Thus, the case is not moot, plaintiffs do not lack the required standing, and the Court shall proceed to decide this motion for class certification.

## III. MOTION FOR CLASS CERTIFICATION

### A.   Overview

"District courts have discretion under Rule 23 to certify a class."  Beck v. Maximus, Inc., 457 F.3d 291, 297 (3d Cir. 2006). To certify a class, the Court must find that the proposed class meets the prerequisites to a class action; "plaintiffs must establish that all four requisites of Rule 23(a) and at least one part of Rule 23(b) are met."  In re Chiang, 385 F.3d 256, 264 (3d Cir. 2004).  "The burden of proving each of the requisite

elements of Rule 23 rests with the party seeking certification."
Jones v. Goord, 190 F.R.D. 103, 111 (S.D.N.Y. 1999) (citing
Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997)).
However, "it is not necessary for the plaintiffs to establish the
merits of their case at the class certification stage, and . . .
in determining whether a class will be certified, the substantive
allegations of the complaint must be taken as true."  Id. at 262.
"Depending on the circumstances, [however,] class certification
questions are sometimes 'enmeshed in the factual and legal issues
comprising the plaintiff's cause of action,' and 'courts may
delve beyond the pleadings to determine whether the requirements
for class certification are satisfied.'"  Beck, 457 F.3d at 297
(quoting Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
259 F.3d 154, 167 (3d Cir. 2001)).

   **B.   Rule 23(a)**

   Rule 23(a) provides:

> One or more members of a class may sue or be
> sued as representative parties on behalf of
> all only if (1) the class is so numerous that
> joinder of all members is impracticable, (2)
> there are questions of law or fact common to
> the class, (3) the claims or defenses of the
> representative parties are typical of the
> claims or defenses of the class, and (4) the
> representative parties will fairly and
> adequately protect the interests of the
> class.

Plaintiffs seek to certify a class defined as:

> All pre-trial detainees awaiting trial and
> convicted prisoners who are now, or who

9

> during the pendency of this suit would
> become, incarcerated in the Camden County
> Correctional Facility.

(Am. Compl. ¶ 37).

### 1.   Numerosity

The proposed class meets the numerosity requirement of Rule 23(a).  "No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met."  Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001).  Plaintiffs allege that the proposed class consists of over 1,500 current inmates and an unascertainable number of future inmates.  Accordingly, joinder is impracticable and the numerosity requirement has been met. Defendants do not contend otherwise.

### 2.   Commonality

The proposed class also meets the commonality requirement of Rule 23(a).  "Commonality does not require an identity of claims or facts among class members; instead, 'the commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class.'"  Johnston v. HBO Film Mgmt., 265 F.3d 178, 184 (3d Cir. 2001) (quoting In re the Prudential Ins. Co. of Am.

10

Sales Practice Litig., 148 F.3d 283, 310 (3d Cir. 1998)).[4]
"Moreover, because they do not also involve an individualized
inquiry for the determination of damage awards, injunctive
actions 'by their very nature often present common questions
satisfying Rule 23(a)(2).'" Kanter v. Casey, 43 F.3d 48, 57 (3d
Cir. 1994) (quoting 7A Charles A. Wright et al., Federal Practice
and Procedure Civil § 1763, at 201 (2d ed. 1986)).

Plaintiffs allege that the overcrowding at Camden County
Correctional Facility violates their constitutional rights to a
safe and healthy environment under the Eighth and Fourteenth
Amendments; both require showing Defendants are deliberately
indifferent to inmate safety and health. Other courts have held
that the "commonality" requirement of Rule 23(a) is satisfied
when inmates have a shared interest in enjoining objectionable
conduct. See Jones v. Goord, 190 F.R.D. 103, 112 (S.D.N.Y.
1999). Similarly, in this case, the inmates have a common
interest in reducing prison crowding. Defendants do not contend
otherwise.

3. Typicality

To meet the third prerequisite for class actions under Rule

---

[4] "The concepts of commonality and typicality are broadly
defined and tend to merge. Both criteria seek to assure that the
action can be practically and efficiently maintained and that the
interests of the absentees will be fairly and adequately
represented." Kanter v. Casey, 43 F.3d 48, 56 (3d Cir. 1994)
(citation omitted).

23(a), plaintiffs must establish that the claims or defenses of
the representative parties are typical of the claims or defenses
of the class.  Fed. R. Civ. P. 23(a)(3).  The typicality and
commonality inquiries tend to overlap.  "Both serve as guideposts
for determining whether under the particular circumstances
maintenance of a class action is economical and whether the named
plaintiff's claim and the class claims are so interrelated that
the interests of the class members will be fairly and adequately
protected in their absence."  Gen. Tel. Co. of the Southwest v.
Falcon, 457 U.S. 147, 158 n.13 (1982).

> The "typicality" and "commonality"
> prerequisites of Rule 23 do not require that
> all of the putative class members share
> identical claims. Eisenberg v. Gagnon, 766
> F.2d 770, 786 (3d Cir.) ("'typical' is not
> identical"), cert. denied sub nom.
> Wasserstrom v. Eisenberg, 474 U.S. 946
> (1985). These prerequisites mandate only that
> complainants' claims be common, and not in
> conflict. "Typicality entails an inquiry
> whether 'the named plaintiff's individual
> circumstances are markedly different or . . .
> the legal theory upon which the claims are
> based differs from that upon which the claims
> of other class members will perforce be
> based." Id. (quoting Weiss v. York Hospital,
> 745 F.2d 786, 809 n. 36 (3d Cir. 1984), cert.
> denied, 470 U.S. 1060 (1985) and sub nom.
> Medical and Dental Staff of York Hospital v.
> Weiss, 470 U.S. 1060(1985)).

Hassine v. Jeffes, 846 F.2d 169, 177 (3d Cir. 1988).  "While
commonality requires a showing that the members of the class
suffered an injury resulting from the defendant's conduct, the

typicality requirement focuses on whether the representatives of
the class suffered a similar injury from the same course of
conduct."  Bynum v. District of Columbia, 214 F.R.D. 27, 34
(D.D.C. 2003).

In this case, there is no indication that the named
plaintiffs' individual circumstances are markedly different from
the circumstances of other inmates or that the legal theory of
their claims are in any way distinct.  As the Third Circuit
explained when overturning a District Court's denial of class
certification in Hassine, another prison crowding/conditions-of-
confinement case, "Rule 23 does not require that the
representative plaintiff have endured precisely the same injuries
that have been sustained by the class members, only that the harm
complained of be *common* to the class, and that the named
plaintiff demonstrate a personal interest or 'threat of injury .
. . [that] is real and immediate, not conjectural or
hypothetical.'"  Hassine, 846 F.2d at 177 (quoting  O'Shea v.
Littleton, 414 U.S. 488, 494 (1974)); cf. Riley v. Jeffes, 777
F.2d 143, 147 (3d Cir. 1985) ("An inmate's right to be protected
from constant threats of violence and sexual assault from other
inmates does not require that he wait until he is actually
assaulted before obtaining relief.").

In addition, Plaintiffs allege that they have all exhausted
their internal administrative remedies, so there is no procedural

13

bar that might concern the Court.  Finally, all plaintiffs claim

to have suffered similar constitutional injuries from the same

course of conduct: prison crowding at Camden County Correctional

Facility.[5]

    4.  <u>Adequacy of Representation</u>

"The inquiry that a court should make regarding the adequacy

of representation requisite of Rule 23(a)(4) is to determine that

the putative named plaintiff has the ability and the incentive to

represent the claims of the class vigorously, that he or she has

obtained adequate counsel, and that there is no conflict between

the individual's claims and those asserted on behalf of the

class."  <u>Hassine</u>, 846 F.2d at 179.  "Adequate representation

depends on two factors: (a) the plaintiff's attorney must be

qualified, experienced, and generally able to conduct the

proposed litigation, and (b) the plaintiff must not have

interests antagonistic to those of the class."  <u>Wetzel v. Liberty</u>

<u>Mut. Ins. Co.</u>, 508 F.2d 239, 247 (3d Cir. 1975).

Based on the conduct of the litigation to date, it appears

that Plaintiffs, through counsel, fairly and adequately represent

the class.[6]  The attorneys in this case are more than capable of

---

    [5]  In that vein, counsel for both parties informed the Court
at oral argument that pre-trial and convicted inmates are not
segregated from one another at CCCF.

    [6]  "A litigant must be a member of the class which he or she
seeks to represent at the time the class action is certified by
the district court."  <u>Sosna v. Iowa</u>, 419 U.S. 393, 403 (1975).

14

providing the legal assistance this case requires.  The firm
consistently handles complex class actions, both before this
Court and elsewhere, and has won very large judgments for its
clients in some of those cases.  Counsel have met all deadlines
this Court has set for them and has competently and vigorously
represented Plaintiffs before the Court.  Three attorneys from
Plaintiffs' counsel's firm attended oral argument and Ms.
Acchione, who argued the motion, was very well-informed about the
factual substance of this case as well as the legal issues
involved.  In addition, counsel has informed the Court that the
bulk of factual discovery has been completed in this case and
that they have hired an expert who completed an inspection of
CCCF and who is currently preparing a report.  Thus, the
Plaintiffs and their lawyers appear to be vigorously pursuing the
interests of the class and have displayed the interest, ability
and resources to continue representing the class fairly and
thoroughly.[7]

    Moreover, there is no indication that the named plaintiffs
have any conflicts amongst themselves or with unnamed members of
the class that would make them unsuitable representatives.
Plaintiffs' removal from CCCF does not alter the Court's

---

Because plaintiffs have been incarcerated during the pendency of
this case, they are members of the class as it is defined.

    [7]  For the same reasons, the Court finds that Plaintiff's
counsel is appropriate class counsel under Fed. R. Civ. P. 23(g).

conclusion.  "It is established that the mere fact that the individual claim of the class representative in a class action has become moot subsequent to the filing of the action does not render the representative an improper or inadequate class representative under Rule 23 of the Federal Rules of Civil Procedure and therefore does not constitute a sufficient ground to bar the class representative from maintaining or continuing to pursue the class action."  Romualdo P. Eclavea, Annotation, Mootness of class representative's claim pending litigation as precluding maintenance of class action under Rule 23 of Federal Rules of Civil Procedure, as amended in 1966, 33 A.L.R. Fed. 484 § 5; see also Sosna v. Iowa, 419 U.S. 393, 403 (1975).

In Sosna, the Court noted that there was no conflict between the class members because no class members had an interest in seeing the challenged Iowa statute upheld.  Id. at 403 n.13.  The Court held that, "where it is unlikely that segments of the class appellant represents would have interests conflicting with those she has sought to advance, and where the interests of that class have been competently urged at each level of the proceeding, we believe that the test of Rule 23(a) is met."  Id. at 403. Similarly in this case, even though the class representatives are no longer incarcerated and may not personally benefit from an injunction, no plaintiff has an interest in maintaining the overcrowded conditions at the prison and counsel has "competently

16

urged" the class's interests to date.

Finally, it does not matter for purposes of Rule 23(a)(4) that the named plaintiffs allegedly suffered different manifestations of the prison's unconstitutional overcrowding. "Where an action challenges a policy or practice, the named plaintiffs suffering one specific injury from the practice can represent a class suffering other injuries, so long as all the injuries are shown to result from the practice." Kanter v. Casey, 43 F.3d 48, 58 (3d Cir. 1994) (reversing denial of class certification to children alleging that systemic deficiencies prevent DHS from providing variety of legally mandated services).

Thus, under all the circumstances of this case, the Court finds that Rule 23(a)(4) has been met and that Plaintiffs will fairly and adequately protect the interests of the class.

## C.   Rule 23(b)(2)

Because the four prerequisites to Rule 23(a) have been met, it is appropriate to consider whether Rule 23(b)(2), the provision under which Plaintiffs seek to maintain this class action, has also been met.  Rule 23(b)(2) provides,

> (b) An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
> . . .
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

17

Defendants object to the class definition as too broad, which might be an argument that (b)(2) certification is inappropriate because action has not been taken against all members of the class.  However, under Rule 23(b)(2) all members of the class do not already have to be injured for the class action to proceed.  Rather, "[a]ction or inaction is directed to a class within the meaning of this subdivision even if it has taken effect or is threatened only as to one or a few members of the class, provided it is based on grounds which have general application to the class."  Advisory Committee's note to 1966 Am. of Rule 23(b)(2).  In their Amended Complaint, Plaintiffs allege that they have suffered injury due to the unconstitutional overcrowding of the CCCF and that Defendants' actions threaten similar injury to all members of the class.  This case is a paradigm of the type of class suitable for certification under Rule 23(b)(2).  Plaintiffs make no allegation that they are being singled out; rather, they claim that the policies of the Correctional Facility that they seek to enjoin cause injury to all present and future inmates.  Indeed, it would be impossible to provide injunctive relief except on a class-wide basis.

Maintaining a class action under this provision permits less succinct class definitions than Rule 23(b)(3) does, especially in civil rights actions.  32B Am. Jur. 2d. Fed. Courts § 1703 (2007) ("The nature of the primary relief sought in a Rule

23(b)(2) class action, meaning injunctive or declaratory relief, does not require that the class be as precisely defined as under either Rule 23(b)(1) or (b)(3), and difficulty in determining the exact number of class members will not preclude class certification thereunder.").  "This subsection has been liberally applied in the area of civil rights, including suits challenging conditions and practices at various detention facilities. It is met even if the action or inaction 'has taken effect or is threatened only as to one or a few members of the class, provided it is based on grounds which have general application to the class.'" Santiago v. Philadelphia, 72 F.R.D. 619, 626 (E.D. Pa. 1976) (quoting Advisory Committee's note)(citations omitted). Thus, the Court need not narrow the class definition to those who have already suffered injury, as Defendants imply.  "The complainants' assertion that these conditions existed, and that they were subject to them - even if they had not at the time of assertion themselves been injured by those conditions - [is] sufficient to require adjudication of the claims as to the class." Hassine, 846 F.2d at 178.  "Indeed, (b)(2) was 'designed specifically for civil rights cases seeking broad declaratory or injunctive relief for a numerous and often unascertainable or amorphous class of persons.'" Barnes v. Am. Tobacco Co., 161 F.3d 127, 142 (3d Cir. 1998) (quoting 1 Newberg on Class Actions § 4.11, at 439).

19

Therefore, because Plaintiffs have adequately alleged that Defendants have failed to act on a class-wide basis to alleviate the unconstitutional overcrowding at CCCF and because Plaintiffs are seeking only injunctive and declaratory relief, certification is appropriate under 23(b)(2).

## IV.  CONCLUSION

Thus, for the reasons explained above, the Court shall certify a class under Rule 23(b)(2) defined as:

> **All individuals incarcerated at the Camden County Correctional Facility, either as pretrial detainees or as convicted prisoners, from the inception of this lawsuit on January 6, 2005 until its termination.**

The class claim presents common questions whether Defendants subjected Plaintiffs to severe overcrowding and are therefore liable for violating the rights of pretrial detainees at CCCF to Due Process under the Fourteenth Amendment and the rights of convicted prisoners at CCCF to be free from cruel and unusual punishment under the Eighth Amendment, and, if so, what the appropriate remedy to unconstitutional overcrowding should be.[8] Pursuant to Rule 23(g) the Court shall appoint the law firm of Trujillo, Rodriguez & Richards, LLP as class counsel.  An

---

[8]  These questions constitute the common issues of law and fact, listed herein as required by Rules 23(a)(2) and 23(c)(1)(B), Fed. R. Civ. P., and <u>Wachtel v. Guardian Life Ins. Co. of Am.</u>, 453 F.3d 179 (3d Cir. 2006), repeated in the accompanying Order.

accompanying Order shall be entered.


**July 31, 2007**                                    **s/ Jerome B. Simandle**
Date                                                  Jerome B. Simandle
                                                      U.S. District Judge